# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD DAVE RENTERIA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MALDONADO, et al.,<br><br>　　　　Defendants. | Case No. 1:17-cv-01451-JLT (PC)<br><br>**ORDER FOR PLAINTIFF TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED WITHOUT PREJUDICE FOR FAILING TO EXHAUST HIS ADMINISTRATIVE REMEDIES**<br><br>**(Doc. 1)**<br><br>**21-DAY DEADLINE** |

　　　　Plaintiff filed this action pursuant to 42 U.S.C. § 1983 on October 27, 2017. Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process. *Booth v. Churner*, 532 U.S. 731, 741 (2001). The exhaustion requirement applies to all suits relating to prison life. *Porter v. Nussle*, 435 U.S. 516 (2002).

　　　　In the Complaint, Plaintiff alleges that he submitted an inmate grievance on the facts

1

alleged in this action on November 11, 2016.  (Doc. p. 8.)  On August 2, 2017, he received a response indicating that the grievance had been denied.  (*Id.*)  Plaintiff states that he appealed the denial of the grievance but does not state the results of that appeal or whether he proceeded through the other available administrative remedies before filing this action.  Thus, it appears Plaintiff filed suit prematurely without first exhausting in compliance with section 1997e(a).  *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to non-exhaustion is a valid ground for dismissal. . . .").

     Accordingly, Plaintiff is **ORDERED** to show cause **within 21 days** from the date of service of this order why this action should not be dismissed, without prejudice, for his failure to exhaust administrative remedies prior to filing suit.  **Plaintiff is warned that failure to timely respond to this order will result in dismissal of this action for Plaintiff's failure to obey a court order.**

IT IS SO ORDERED.

    Dated: **March 28, 2018**            **/s/ Jennifer L. Thurston**
                                                  UNITED STATES MAGISTRATE JUDGE